UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | } | |
| | } | |
| v. | } | **CASE NO. CR 04-B-0200-W** |
| | } | |
| **PHILLIP KELLEY BOBO,** | } | |
| | } | |
| Defendant. | } | |

### MEMORANDUM OPINION AND ORDER

This case is before the court on the Motion to Recuse (hereafter "Motion"), (doc. 351),[1] filed by defendant Bobo. Defendant argues the undersigned must recuse pursuant to 28 U.S.C. § 455(a). (*Id*. at 7.) He bases his argument for recusal on comments made by the court at a status conference on January 24, 2007. Having carefully considered all grounds raised by defendant and the relevant law, the court is of the opinion that defendant's Motion is due to be denied.

### I. STANDARD OF REVIEW

Section 455(a) provides, "Any . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might *reasonably* be questioned." 28 U.S.C. § 455(a) (emphasis added). "The decision whether a judge's impartiality can 'reasonably be questioned' is to be made in light of the facts as they existed, and not as they were surmised or reported." *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 541 U.S. 913, 914 (2004)(citing *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (2000)(Rehnquist, C.J., respecting recusal))( Scalia, J., respecting recusal). "[T]he recusal inquiry must be made from the perspective of a *reasonable observer* who is *informed of all of the surrounding facts and*

---

[1]Reference to document number, ["Doc."], refers to the number assigned to each document filed in the court's record.

*circumstances*. *Id.* at 1400 (emphasis in original; internal citations and quotations omitted). "In other words, the relevant inquiry is how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *United States v. Bobo*, 395 F. Supp. 2d 1116, 1123 (N.D. Ala. 2004)(quoting *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995))(internal quotations omitted).

## II. DISCUSSION

**A. Alleged Disagreement by Court with Prior Holdings Made by Judge Clemon**

      1.      The *James* Hearing[2]

In paragraph 26 of his Motion, defendant contends that "the District Judge wasted no time in questioning the manner in which Judge Clemon had presided over the case." (Doc. 351 ¶ 26.) A reading of the transcript reveals that the court did no such thing. Stating possible disagreement with holdings is vastly different than questioning the manner in which a judge presided over a case.

In his Motion, defendant notes that this court stated: ". . . Judge Clemon's opinion, it seemed to me, drew inferences in favor of the defendant," referring to Judge Clemon's decision following the *James* hearing in the *Siegelman/Hamrick* case. (*Id.* [citing to doc. 353 at 10].) Defendant argues,

> Why does that matter? The government dismissed its indictment against Siegelman and Hamrick. They are no longer parties. Yet, the District Judge felt the need to point out what appeared to be a favorable ruling for the co-defendants, and again questioned Judge Clemon's ruling.

---

[2]On October 4, 2004, the day before the *Siegelman/Hamrick* trial was set to begin, Judge U.W. Clemon conducted a *James* hearing. He found that based on the evidence offered by the government during the *James* hearing, there was insufficient evidence that defendants Siegelman and Hamrick were involved in a conspiracy. (Doc. 294 at 3.)

(*Id*.)

Defendant's argument takes the court's comments out of context. At the time, the court was discussing with counsel its initial impression, based on its review of the record - specifically the testimony during the *James* hearing - that the government did not have sufficient evidence to support its conspiracy claim against defendant. In response, the government contended that it had other evidence Judge Clemon did not hear. (Doc. 353 at 11.) The court's comments were intended to indicate that the court would consider anew the conspiracy evidence with regard to defendant to determine the legal sufficiency of the evidence. Judge Clemon's ruling pertained to defendants Siegleman and Hamrick only; the court merely expressed its intention not to be bound by Judge Clemon's views on the evidence or his ruling that insufficient evidence of a conspiracy exists as to Siegleman and Hamrick. The court's colloquy with counsel on this issue does not demonstrate bias or prejudice and, therefore, does not form the basis for a valid recusal motion.

2. Court's Discussion of Count Three

Defendant also challenges the court's impartiality on the ground that it asked the government why it had dismissed its appeal of Judge Clemon's dismissal of Count Three of the Indictment and discussed whether that count could be reinstated. Counsel for the government responded that there was a significant issue with Count Three regarding a witness. (*Id*. at 24.) The court acknowledged that it may not have the power to reinstate the dismissed count. (*Id.*) During the hearing, the government stated that it did not intend to move to reinstate Count Three. (Doc. 353 at 25.) As defendant correctly notes in his Motion, "the Government is prohibited from reinstating a previously dismissed count if the limitations period has elapsed," (doc. 351, ¶ 34). This argument was not made or considered by the court at the January 24th hearing. Nevertheless, the questioning of the dismissal of Count Three by Judge Clemon and the

discussion of the court's authority to reconsider that decision does not demonstrate bias or prejudice and, therefore, does not form the basis of a valid recusal motion.

B.     **Reading by Trial Judge of Prior Testimony**

Defendant argues that

> "the District Court **admitted** that she had read Dr. Sorenson's testimony, and, thus, portions of the transcript of the first trial. There are no apparent reasons for her to read the transcript of the first trial.  **A trial judge normally is expected to hear the evidence for the first time during trial–like the jury.**  By reading portions of the transcript and making the comments which she did, the District Judge gave the impression to any reasonable person that she was prejudging the case."

(*Id.* ¶ 28).

During the January 24, 2007 hearing the court informed the parties that it had reviewed parts of the case file in preparation for the hearing:

> "I read the indictment. . . I read the transcript of that hearing [referring to the testimony adduced at the *James* hearing before Judge Clemon prior to the trial of Bobo's co-defendants Siegeleman and Hamrick]; I read the old Eleventh Circuit opinion, the one that reversed Judge Nelson. [*United States v. Bobo*, 344 F.3d 1076 (11th Cir. 2003)] I read the most recent one, the one I just quoted from [(*Bobo v. United States*, No. 05-16392, 185 Fed.Appx. 885 (11th Cir. June 23, 2006).)].  As I say, I copied numerous things.  **That was the only transcript I read**, but I read lots of motions, motions in limine, different things."

(Doc. 353 at 9.)

Contrary to counsel's argument, it is not improper for a judge to read the case file.  *See United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).   In this case, the court did not read Dr. Sorenson's "trial testimony," and did not so state.  As the court informed counsel, the only transcript that the court read before the hearing was the transcript of the *James* hearing before Judge Clemon.  Dr. Sorenson testified during the *James* hearing.  The court did not read his testimony, if any, from the trial in October 2001 before Judge Nelson.

4

On retrial, this court must decide - as a matter of law - whether there is sufficient evidence to allow the conspiracy claim to go to the jury, and, whether there is sufficient evidence of a conspiracy to admit testimony under the co-conspirator exception to the hearsay rule.[3]  These issues were raised in the Siegelman/Hamrick trial.  The court would be derelict in its preparation for this case if it did not read the transcript of the *James* hearing held before Judge Clemon.  Moreover, the court is presumed to have notice of everything in the court file.  Any argument that reading the court file indicates bias or prejudice is without merit.

C.     **Alleged Failure by Court to Address Defendant's Argument That Government Could Not Argue That Former Defendants Siegelman and Hamrick Are Co-conspirators of Defendant**

Defendant argues that the court "would not address" his question regarding "whether the government could argue that the previous co-defendants are co-conspirators since the charges against them were dismissed with prejudice." (Doc. 351 ¶ 30.)  He contends the court dismissed his concern and refused to address the issue, raised by the defendant, "even though [the court] had spent a great deal of time advising the Government how it could better present its case." (*Id*.)  At the hearing, the following discussion was had:

> THE COURT: . . .We will need to talk about whether the indictment can stand as it is. I, frankly, think it can, except we would have to tell the jury -- well, we would have to strike out that they're defendants, because they're no longer defendants. But I, frankly, don't see that there's a reason that the allegations against them couldn't stay in as they are.
>
> Am I wrong about that?
>
> MR. CLARK: The charges against them were dismissed with prejudice.
>
> THE COURT: The word "defendant" would have to come out. My thoughts are, unless I change my mind, I'm not going to have a

---

[3] Judge Clemon found insufficient evidence that co-defendants Siegelman and Hamrick knowingly became members of the alleged conspiracy. (Doc. 294 at 10.)

>James hearing before trial. I may make you all brief it a little bit, because I have some concerns about whether they can be conspirators.
>
>MR. CLARK: I don't think the government can argue they now are conspirators. The charges against them were dismissed with prejudice.
>
>THE COURT: I think they can. I mean, why could they not? I mean, first of all, they were dismissed because -- I tell you what, let's don't address this right now.
>
>MR. CLARK: All right.
>
>THE COURT: My initial thoughts are that they could. They would have to not be listed as a defendant. They're no longer defendants, but I think they could be considered co-conspirators.
>
>MR. CLARK: May I ask?
>
>THE COURT: But we'll talk about that later, but there are a lot of problems, I think, if it stays in.

(Doc. 353 at 43-44.)

The court set a deadline of March 19, 2007, for the filing of any pretrial motions, other than motions in limine. (*Id.* at 42.) The court set a March 30, 2007, deadline for motions in limine. (*Id*. at 45.) Therefore, defendant has the opportunity to argue that Siegelman and Hamrick are not co-conspirators if the government does not dismiss Count One. The need for such motion, however, will be moot if the government dismisses the conspiracy count. The court's decision to put off until another day discussion on this issue, which may be moot, does not demonstrate bias or prejudice and, therefore, does not form a basis for a valid recusal motion.[4]

---

[4] The court notes that the dismissal of the conspiracy count against Siegelman and Hamrick does not prevent the government from arguing that they are conspirators. *See United States v. Cravero*, 545 F.2d 406, 419 (5th Cir. 1977) (holding that alleged co-conspirator's acquittal of conspiracy in an earlier trial does not render hearsay declarations of the co-conspirator inadmissible once government has made the requisite showings.)

D.  **Court's Discussion with Counsel Regarding the Conspiracy Count and the Strength of the Government's Case on the Substantive Counts**

Defendant argues that the court became "**an advocate for the government** by suggesting how it could present a clearer and stronger case against Dr. Bobo by dismissing the conspiracy count." (Doc. 351 ¶ 27 [emphasis added]). Defendant's argument is based on a parsing of the court's comments and not supported by the transcript as a whole.

Although the court stated it did not intend to hold a *James* hearing,[5] the court expressed its concern that the evidence appeared insufficient to establish the conspiracy count.[6] (See doc. 353 at 4-8, 10-14, 16-18, 20, 40-42.) The court stated further that it wished "to feel better about this conspiracy count before we go to trial." (*Id.* at 18.) As noted, if the conspiracy count is thrown out at the end of the government's case, a great deal of inadmissible evidence would have been offered during the trial, i.e., hearsay statements and actions of alleged co-conspirators. The court's instructions to counsel for the government that they consider whether they still wanted to proceed with the conspiracy count is proper under the circumstances. The comments do not demonstrate bias or prejudice and, therefore, do not form a basis for a valid recusal motion.

The court's comments regarding the strength of the government's case on the substantive counts simply informed counsel that, although the court did have some concern over the sufficiency of the evidence with regard to the conspiracy count, based on the documents the court had read, it did not see a sufficiency-of-the-evidence problem with the substantive counts. The

---

[5] If the government decides to pursue the conspiracy count, the court reserves the right to conduct a *James* hearing pretrial.

[6] Although the court has not read anything to the effect that the government presented all its evidence on the conspiracy count in the *James* hearing before Judge Clemon, the court assumes that it offered its primary evidence.

7

court said that it would consider all arguments made by defendant at the close of the government's case. (Doc. 353 at 14, 51-52.)

> THE COURT: . . .I'm going to rule on the evidence and whether it's sufficient to meet the counts that they've charged him with at the end of the government's case. I'm not going to prejudge that.
>
> I was trying to get a feel for the conspiracy count; but, frankly, I probably will wait, if they decide to go forward with that, and rule on that at the end of the case, but I want them to take a good look at it now.
>
> MR. CLARK: I was just concerned about the court's comment that the other counts looked like they were -- I don't remember the exact words, but it was that the court had some positive feeling that there was guilt.
>
> THE COURT: No.
>
> MR. CLARK: And if you read the Eleventh Circuit opinion, you reach the opposite conclusion.
>
> MR. HART: The government took your comments as if the other counts were simpler, and they are.
>
> THE COURT: Just simpler and that nothing concerns me, and I just had a little concern about the -- I mean, I have some concern about the conspiracy count and what you might have to prove with regard to your alleged co-conspirators for them to be considered co-conspirators. That's my problem with it. Okay.

(*Id*. at 52-53.)

The court's comments could not be understood by "a well-informed, thoughtful and objective observer" to mean that the court had prejudged the case. As defendant's counsel observed at the hearing.

> MR. CLARK: . . . **I know you're not making any conclusions**, but you said to him that you had a question about the conspiracy, but you felt reasonably strong about the substantive counts.

8

> Court: Well I haven't heard the evidence. What I mean is they aren't jumping out at me now, and I'm not familiar enough with the facts that there's a problem there. There may be at the end of the government's case. I will certainly hear from you on a Rule 29 motion on the facts.

(*Id.* at 14.)

The court's statements did not demonstrate bias or prejudice and, therefore, do not form the basis of a valid recusal motion.

### E. Other Complaints

Defendant also takes issue with the following comments made by the court:

> I'm not ruling on whether they [the government] has enough evidence on the counts, . . . I know the Eleventh Circuit, in the first case, said there was a material variance in the proof and the indictment. I'm sure you'll [referring to defendant's counsel] have lots of different things you'll raise to me at the end of the government's case."

(Doc. 353 at 51.)

Defendant argues that these remarks indicate "the court was not concerned with the findings of the Eleventh Circuit." (Doc. 351 ¶ 31.) The court disagrees.

Defendant contends the government has represented the evidence as to Counts One and Two to be presented at trial will be the same evidence that was presented in the trial before Judge Nelson in 2001, (doc. 353 at 43), evidence with which the Eleventh Circuit took issue. *See United States v. Bobo*, 334 F.3d 1076, 1085 n. 6, 1086 n. 9 (11th Cir. 2003)(*Bobo I*). The Eleventh Circuit held that the indictment against defendant Bobo was insufficiently specific. It reversed the district court's denial of defendant's Motion to Dismiss the Indictment, and vacated his conviction. *Id*. at 1086.

After the Eleventh Circuit vacated defendant's conviction, the government filed a new indictment against defendant Bobo and added two co-defendants, Siegleman and Hamrick.

Nothing before the court indicates the evidence the government will present at trial will suffer from the same deficiencies the Eleventh Circuit noted in the case tried before Judge Nelson.

Moreover, the sufficiency of the evidence at trial has not - and cannot - be decided until after the government's evidence has been presented. The court's statements do not demonstrate bias or prejudice and, cannot form the basis of a valid recusal motion.

## CONCLUSION

Defendant moves the court to recuse and have the Clerk randomly "reassign the case to a District Court Judge who has not been previously disqualified." (Doc. 351 at 1.)  Upon consideration of all arguments made by defendant, the court is satisfied that its comments during the pretrial hearing on January 24, 2007,[7] would not "give rise to the appearance of . . . a lack of impartiality in the mind of a reasonable member of the public." *Bobo v. United States*, 185 Fed. Appx. 885, 888 (11th Cir. 2006)(UNPUBLISHED), *cert. denied*, 127 S. Ct. 1039 (2007).  In other words, no reasonable person with knowledge of all the surrounding facts and circumstances would perceive the court to be impartial in favor of the government.

Therefore, defendant's Motion to Recuse is due to be and hereby is **DENIED**.

**DONE**, this 13th day of March, 2007.

*Sharon Lovelace Blackburn*
_____
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

---

[7]The court notes that no members of the public or press were present at the January 24, 2007 hearing and the Transcript of that hearing was filed by the defendant as an attachment to defendant's Motion to Recuse.  Thus, any publication of the court's comments came as a result of defendant's motion.