FILED
 2007 Jul-02  PM 03:41
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA } | |
| } | |
| v.  } | CASE NO. CR 04-B-0200-W |
| } | |
| PHILLIP KELLEY BOBO, } | |
| } | |
| Defendant. } | |

**MEMORANDUM OPINION AND ORDER**

This case is currently before the court on defendant Phillip Kelley Bobo's Second Motion in Limine, (doc. 315).[1] In his Motion, Bobo argues that the law of the case doctrine precludes the government from offering "any evidence, comment, or argument that Defendant offered a 'bribe' to a competing bidder, or that Defendant's 'scheme' was to win any maternity care contracts with a higher bid." (Doc. 315 at 1.)

Bobo's Motion, (doc. 315), cites *United States v. Bobo*, where the Eleventh Circuit noted:

> Even if the government mentioned "bribe" in the indictment, no evidence exists to support such an allegation. Dr. Bobo did not offer a "bribe" to a competing bidder. The alleged "bribe" was made to Dr. Armstrong, who testified that he had no authority over the competitor.
>
> . . .
>
> The district court adopted the magistrate judge's findings and

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

>conclusions on Dr. Bobo's motion to dismiss the indictment.
>Contrary to the indictment, the magistrate judge incorrectly found
>that Dr. Bobo's "scheme" was to win the contract with a higher bid.

*Bobo*, 344 F.3d 1076, 1084, 1086 FN8 (11th Cir. 2003) (*Bobo I*).  Bobo argues that, in light of these statement by the Eleventh Circuit, the law of the case doctrine precludes the government from offering evidence or argument relating to a "bribe" or "scheme" by Bobo.

However, dicta "is neither the law of the case nor binding precedent." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 379 (1994); *Swann v. Southern Health Parties, Inc.*, 388 F.3d 834, 837 (11th Cir. 2004).  The *Bobo I* panel's statements with regard to the government's evidence of "bribes" and "schemes" were dicta.  *See United States v. Bobo*, 344 F.3d 1076, 1084-85 (11th Cir. 2003).  As *held* by the *Bobo II* panel,[2] "we cannot agree that the [*Bobo I*] panel reached a holding on the sufficiency of the evidence issue." *United States v. Bobo*, 419 F.3d 1264, 1268 (11th Cir. 2005) (*Bobo II*).  The *Bobo II* panel also explicitly stated that it "venture[d] no opinion . . . as to the conclusion the panel should have reached on the merits of that question." *Id.* at 1268 FN5.  Therefore, neither the *Bobo I* nor the *Bobo II* panel ruled on the sufficiency of the evidence presented at defendant's first trial.

"Under the law of the case doctrine, both the district court and the court of appeals

---

[2]Unlike the decision of the *Bobo I* court, the decision of the *Bobo II* court does constitute the law of the case.  Applicability of the law of the case doctrine is discussed in greater detail below.

generally are bound by findings of fact and conclusions of law made by the court of appeals in a prior appeal of the same case." *United States v. Robinson*, 690 F.2d 869, 872 (11th Cir. 1982). "However, the law of the case doctrine does not apply to bar reconsideration of an issue when a subsequent trial produces substantially different evidence." *Id.*

For example, in *Robinson*, a prior panel of the Eleventh Circuit held that the defendant had given voluntary consent to go to the airport office, but remanded the appeal to the district court for a new suppression hearing with respect to several issues. *Id.* On remand, the magistrate conducted a new evidentiary hearing, entered more detailed findings of fact, and again recommended the denial of the motion to suppress. *Id.* at 870-871. The district court agreed with the magistrate and the defendant appealed for a second time. *Id.* at 871. On appeal, the Eleventh Circuit concluded that it "must reconsider the question of whether [the defendant] voluntarily consented to go to the airport office." *Id.* at 872. The court explicitly considered the question of whether the law of the case doctrine applied, and concluded that it did not apply because a subsequent evidentiary hearing had produced new evidence. *Id.*

Like the second evidentiary hearing in *Robinson*, the second trial of this case will involve the same course of conduct, but may produce different evidence. *Robinson* makes clear that the law of the case doctrine does not preclude the government from producing different evidence as to a previously decided issue in a subsequent trial.

Therefore, the court will not bar the government from offering "any evidence, comment, or argument that Defendant offered a 'bribe' to a competing bidder, or that Defendant's 'scheme' was to win any maternity care contracts with a higher bid."

For the foregoing reasons, defendant's Motion, (doc. 315), is due to be and hereby is **DENIED**.

**DONE,** this the 2nd day of July, 2007.

_____
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE