**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | } | |
| | } | |
| **v.** | } | **CASE NO. CR 04-B-0200-W** |
| | } | |
| **PHILLIP KELLEY BOBO,** | } | |
| | } | |
| **Defendant.** | } | |
| | } | |

**MEMORANDUM OPINION AND ORDER**

This case is currently before the court on defendant Phillip Kelley Bobo's Motion

to Reconsider Denial of Defendant's Amended Motion to Dismiss on Grounds of

Prosecutorial Vindictiveness, (doc. 374).[1]  Bobo moves the court to dismiss the

indictment and each count thereof on the grounds that they represent a vindictive

prosecution by the government following Bobo's successful appeal.  (Doc. 101, ¶31; doc.

374.)  The government's Response, (doc. 384), offers its reasons for charging Bobo with

additional offenses, and requests that the court prohibit the defendant from presenting

evidence or argument in the presence of the jury regarding any alleged prosecutorial

vindictiveness.

**I.      The Government's Prosecution of Bobo Is Not Vindictive**

"A prosecutor's decision to reindict a defendant is limited by the due process

clause."  *United States v. Taylor*, 749 F.2d 1511, 1513 (11th Cir. 1985) (citing *Blackledge*

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each
document as it is filed in the court's record.

*v. Perry*, 417 U.S. 21, 25 (1974)).  "That clause protects a defendant's right of direct appeal from prosecutorial vindictiveness."  *Id.* (citing *Jackson v. Walker*, 585 F.2d 139, 148 (5th Cir.1978)).

"To help simplify judicial analysis of prosecutorial vindictiveness claims, the Supreme Court developed a 'presumption of vindictiveness.'"  *United States v. Spence*, 719 F.2d 358, 361 (11th Cir. 1983) (citing *Blackledge*, 417 U.S. at 28-29).  "Whenever a prosecutor brings more serious charges following the defendant's exercise of procedural rights, 'vindictiveness' is presumed, provided that the circumstances demonstrate either actual vindictiveness or a realistic fear of vindictiveness."  *Id.*  However, "[w]hen a prosecutor *adds a new charge* for relatively separate and distinct criminal conduct that occurred in the same 'spree of activity,' a defendant's due process rights are offended only if there is actual vindictiveness as opposed to the mere apprehension of vindictiveness."  *Taylor*, 749 F.2d at 1513 (emphasis added).  "In determining whether the prosecutor has shown an absence of vindictiveness, the court must examine 'the prosecutor's actions rather than the defendant's reactions.'"  *Id.* at 1514 (quoting *Spence*, 719 F.2d at 363 (quoting *Hardwick v. Doolittle*, 558 F.2d 292, 302 (5th Cir. 1977))).

Bobo alleges that the entire indictment represents a vindictive prosecution. However, counts 1, 2, and 4 of the new indictment charge the same offenses charged in counts 1, 2, and 3 of the original indictment.  Only counts 3,[2] 5, 6, 7, and 8 of the new

---

[2]The court dismissed Count 3 on September 14, 2004.  (Doc. 216.)

indictment charge additional offenses.

"An increase in the severity or number of charges if done without vindictiveness may be easily explained." *Hardwick*, 558 F.2d at 301. "For example, evidence of the additional crimes may not have been obtained until after the first indictment or information is filed, or the additional crime may not be complete at the time charges are first brought." *Id.* This example applies to Counts 3, 5, 6, and 8 of the present case. Counts 3, 5, 6, and 8 are based on evidence that the government learned *after* the first indictment was returned. Count 6 charges Bobo with tampering with a witness after the first indictment was returned. Count 8 charges Bobo with making a false statement in court after the first indictment was returned. Counts 3 (Theft from Federally Funded Programs) and 5 (a separate count of Witness Tampering) are based on evidence that the government learned after the first indictment was returned. Therefore, the government has shown that Counts 3, 5, 6, and 8 are not the result of vindictiveness. *See Hardwick*, 558 F.2d at 301. *See also Spence*, 719 F.2d at 363 (government offered "sufficient proof to preclude any finding of vindictiveness" where "neither the Tax Division nor the United States Attorney's Office that tried the [case based on the original indictment] had the IRS's evidence of the tax and false statement offenses until after the defendant had appealed his drug conviction"); *Blackledge*, 417 U.S. at 29 FN7 ("This would clearly be a different case if the State had shown that it was impossible to proceed on the more serious charge at the outset.").

The government acknowledges that it knew of the conduct underlying Count 7 at the time the first indictment was filed, but contends that the first indictment was drafted by a different prosecutor with "a different approach to prosecutorial duty" than the successor prosecutor.  (Doc. 384 at 3.)  In *Hardwick*, the court noted that one explanation "which would negate vindictiveness . . . [is] a different approach to prosecutorial duty by the successor prosecutor." *Hardwick*, 558 F.2d at 301.  *See also United States v. Mathis*, 173 F.3d 857 (6th Cir. 1999) ("The participation of different prosecuting personnel tends to negate a claim of vindictive prosecution.") Consequently, the government has rebutted the presumption of vindictiveness by establishing that its reasons for adding new charges were other than to punish the defendant for exercising his legal rights.

## II.  Bobo Is Prohibited from Presenting Argument or Evidence Regarding Prosecutorial Vindictiveness in the Presence of the Jury

In its Response the government requests that the court "order the defendant not to present evidence or arguments in the presence of the jury venire or petit jury regarding any alleged prosecutorial vindictiveness."  (Doc. 384 at 4-5.)  Indeed, because the court has found Bobo's claim of prosecutorial vindictiveness to be without merit, any such argument or evidence is irrelevant.  "Evidence which is not relevant is not admissible." Fed. R. Evid. 402.  *See, e.g., United States v. Dufresne*, 58 Fed.Appx. 890, 895 (3d Cir. 2003) (citing *United States v. Berrigan*, 482 F.2d 171, 174-76 (3d Cir. 1973)) ("A claim of vindictive prosecution is not permissible argument to a jury.  It is properly raised in a pretrial motion to dismiss the prosecution.).

4

**III.    Conclusion**

For the foregoing reasons, Bobo's Motion to Reconsider Denial of Defendant's Amended Motion to Dismiss on Grounds of Prosecutorial Vindictiveness, (doc. 374), is due to be and hereby is **DENIED**.  Moreover, Bobo is prohibited from presenting evidence or argument regarding prosecutorial vindictiveness in the presence of the jury.

**DONE**, this the 2nd day of July, 2007.


_Sharon Lovelace Blackburn_
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

5