FILED

2007 Jul-02  PM 03:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | } | |
| | } | |
| v. | } | CASE NO. CR 04-B-0200-W |
| | } | |
| PHILLIP KELLEY BOBO, | } | |
| | } | |
| Defendant. | } | |
| | } | |

### MEMORANDUM OPINION

This case is currently before the court on defendant Bobo's Motion to Dismiss

Counts 1 and 2 of the Indictment, (doc. 358).[1]  Bobo argues that these Counts constitute a

second prosecution on the same charges in violation of the Double Jeopardy Clause and

the Due Process Clause.  Upon consideration of the record, the submissions of the parties,

the arguments of counsel, and the relevant law, the court is of the opinion that defendant

Bobo's Motion to Dismiss Counts 1 and 2 of the Indictment, (doc. 358), is due to be

denied.

Bobo was convicted of conspiracy to defraud the United States and a health care

benefit program in violation of 18 U.S.C. § 371 and attempt to defraud a health care

benefit program in violation of 18 U.S.C. § 1347(1).  Bobo appealed his conviction.

*United States v. Bobo*, 344 F.3d 1076 (11th Cir. 2003) (*Bobo I*).  On appeal, Bobo

asserted numerous grounds of error, including that the indictment was legally insufficient

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each
document as it is filed in the court's record.

to support his conviction for health care fraud, and that insufficient evidence existed to

convict him of the charged offenses.  *Id.* at 1077.  The Eleventh Circuit held:

> [W]e find one issue dispositive: whether the district court erred by
> denying Dr. Bobo's Motion to Dismiss the Indictment because the
> conduct alleged in the indictment was legally insufficient to support
> Dr. Bobo's conviction for health care fraud.  Because we conclude
> that the district court erred in failing to dismiss the indictment, we
> decline to address the other issues raised on appeal.

*Id.*  After reversing the district court's denial of Bobo's Motion to Dismiss the Indictment

and vacating Bobo's convictions, the court stated in a footnote as follows:

> Even if we assume that the district court properly denied the motion
> to dismiss the indictment, we would still be compelled to vacate Dr.
> Bobo's convictions on other grounds.  For example, **we seriously
> question whether the evidence presented was sufficient to
> support the convictions** and it appears there was a material variance
> between the indictment and the evidence presented at trial.
> Furthermore, we have concerns about some of the district court's
> rulings and actions taken during the course of the trial and believe
> that the cumulative effect of these errors may have denied Dr. Bobo
> a fundamentally fair trial.

*Id.* at 1086 FN9 (emphasis added).

After the mandate issued, the grand jury returned a new indictment ("the new

indictment") against Bobo.  (Doc. 1.)  Counts 1 and 2 of the new indictment charged

Bobo with the same offenses as Counts 1 and 2 of the original indictment ("the old

indictment").[2]  Bobo moved to dismiss Counts 1 and 2 of the new indictment under the

---

[2]Count 1 in both indictments alleged conspiracy to defraud the United States and a health
care benefit program in violation of 18 U.S.C. § 371.  Count 2 in both indictments alleged an
attempt to defraud a health care benefit program in violation of 18 U.S.C. § 1347(1).

Double Jeopardy Clause of the Fifth Amendment to the Constitution.  The district court

denied Bobo's motion and, in *United States v. Bobo*, 419 F.3d 1264 (11th Cir. 2005)

(*Bobo II*), the Eleventh Circuit affirmed.

Bobo's interlocutory appeal raised two arguments.  First, Bobo argued that the

*Bobo I* court's footnote, *Bobo I*, 344 F.3d at 1086 FN9, questioning the sufficiency of the

evidence, was actually a holding that the evidence was insufficient to sustain his

convictions on Counts 1 and 2 of the indictment.  *Bobo II*, 419 F.3d at 1267.  In his

"fallback" argument, Bobo contended that even if the *Bobo I* court did not reach a

holding as to the sufficiency of the evidence, the *Bobo II* court *could* consider the

sufficiency of the evidence.  *Id.*

The *Bobo II* court rejected Bobo's first argument because "the footnote upon

which Dr. Bobo relie[d] [did] not speak in the language of a holding . . . [and] courts

generally do not make a habit of hiding away important holdings in afterthought footnotes

or surrounding them with subjunctive constructions ('we would still be') and

noncommital musings ('we seriously question' and 'it appears)."  *Id.* at 1268-69.  The

court acknowledged that "[f]urther complicating matters is this court's prudential rule –

on the books at the time the decision in *Bobo I* issued – that requires the court to review

sufficiency of the evidence claims raised by defendants, even if resolution on alternative

grounds would otherwise dispose of the case."  *Id.* at 1268.  The court noted that its

"prudential rule still applies and should have been followed." *Id.* at 1268 FN4.

Nevertheless, the court did not "agree that the panel reached a holding on the sufficiency of the evidence issue, even though it should have." *Id.*

The court also rejected Bobo's fallback argument, holding that it was "foreclosed by *Richardson*, which considered essentially the same argument and rejected it." *Id.* at 1267 (citing *Richardson v. United States*, 468 U.S. 317, 322-26 (1984)). The Eleventh Circuit noted that the Court in *Richardson* refused to consider the sufficiency of the evidence from a prior trial in which there had been no jeopardy-terminating event." *Id.* The court then held that "[b]ecause Dr. Bobo's fallback position presumes that no jeopardy-terminating event occurred in his first trial – the necessary effect of our rejection of Dr. Bobo's sufficiency of the evidence argument – *Richardson* precludes review." *Id.* In other words, Bobo's fallback argument assumed that the *Bobo I* court did not reach a holding on the sufficiency of the evidence. If the *Bobo I* court did not reach a holding on the sufficiency of the evidence, there was no jeopardy-terminating event. *See Richardson*, 468 U.S. at 327-28 (Brennan, J., concurring in part and dissenting in part) ("under the Court's approach, only an actual judgment of acquittal, or an unreversed conviction, would terminate jeopardy"). Under *Richardson*, because there was no jeopardy-terminating event, Bobo had no valid double jeopardy claim to prevent his retrial.

In his Motion to Dismiss Counts 1 and 2 of the Indictment, (doc. 358), Bobo contends that his "right to due process of law as guaranteed by the Fifth Amendment to

4

the United States Constitution was violated when, according to the Eleventh Circuit in

*Bobo II*, the original panel in *Bobo I* 'did not follow the prudential rule' of the Court in

ruling on the sufficiency of the evidence issue which had been properly raised." (Doc.

358 at 7.) According to Bobo, the "effect of the Eleventh Circuit's decision in *Bobo II* is

that Dr. Bobo was denied his right to due process in that he properly raised an important

issue which was essential to his being afforded a fundamental constitutional right, the

protection from double jeopardy."[3] (Doc. 358 at 8.)

As acknowledged by the *Bobo II* court, the prudential rule of determining the

sufficiency of the evidence even when the case is reversible on other grounds "should

have been followed." *Bobo II*, 419 F.3d at 1268 FN4. Nevertheless, the court's failure to

follow its prudential rule did not deny Bobo his right to due process or protection from

double jeopardy.

Bobo's Motion to Dismiss Counts 1 and 2 of the Indictment, (doc. 358), raises an

argument nearly identical to the one considered and rejected by the Supreme Court in

*Richardson v. United States*. In *Richardson*, the district court declared a mistrial as to

two counts, and ordered a new trial on the two remaining counts. *Richardson*, 468 U.S. at

318-19. The defendant argued that the retrial would violate the Double Jeopardy Clause

because the evidence introduced at the first trial was insufficient to support a conviction.

---

[3]To the extent that Bobo relies on the Double Jeopardy Clause alone, his Motion is denied
for the reasons set forth in the Eleventh Circuit's *Bobo II* opinion. The *Bobo I* court did not
reach a holding as to the sufficiency of the evidence, and therefore Bobo's original jeopardy
never terminated.

*Id.* The district court rejected the argument, the D.C. Circuit dismissed the defendant's

appeal for lack of jurisdiction, and the Supreme Court granted review. *Id.* The Court

rejected the defendant's double jeopardy claim. The Court explained that the rule

established in *United States v. Burks*, 437 U.S. 1 (1978), prevented a new trial only when

the defendant "obtained an unreversed appellate ruling that the Government had failed to

introduce sufficient evidence to convict him at trial."[4]  *Id.* at 323. The Court held that,

---

[4]In *Burks*, the Supreme Court clarified the distinction between cases reversed for
trial error and cases reversed for evidentiary insufficiency:

> In short, reversal for trial error, as distinguished from evidentiary
> insufficiency, does not constitute a decision to the effect that the
> government has failed to prove its case. As such, it implies nothing
> with respect to the guilt or innocence of the defendant. Rather, it is a
> determination that a defendant has been convicted through a judicial
> process which is defective in some fundamental respect, e.g.,
> incorrect receipt or rejection of evidence, incorrect instructions, or
> prosecutorial misconduct. When this occurs, the accused has a
> strong interest in obtaining a fair readjudication of his guilt free from
> error, just as society maintains a valid concern for insuring that the
> guilty are punished. The same cannot be said when a defendant's
> conviction has been overturned due to a failure of proof at trial, in
> which case the prosecution cannot complain of prejudice, for it has
> been given one fair opportunity to offer whatever proof it could
> assemble. Since we necessarily afford absolute finality to a jury's
> verdict of acquittal – no matter how erroneous its decision – it is
> difficult to conceive how society has any greater interest in retrying a
> defendant when, on review, it is decided as a matter of law that the
> jury could not properly have returned a verdict of guilty.

*Burks*, 437 U.S. at 15-16. Therefore, in the instant case, if the court in *Bobo I* had held
that the evidence was insufficient, a retrial would clearly have been a violation of the
Double Jeopardy Clause. However, as explained in *Bobo II*, *Bobo I* did not reach a
holding as to the sufficiency of the evidence, and instead reversed the district court's
denial of Bobo's Motion to Dismiss the Indictment. *Bobo II*, 419 F.3d at 1268.

"where, as here, there has been only a mistrial resulting from a hung jury, *Burks* simply does not require that an appellate court rule on the sufficiency of the evidence because retrial *might* be barred by the Double Jeopardy Clause." *Id.* (emphasis added). "In other words, what activates the *Burks* rule is not the abstract possibility that the evidence was insufficient, but the appellate court's declaration to that effect." *Patterson v. Hawkins*, 470 F.3d 645, 657 (6th Cir. 2006). "Absent such a declaration, jeopardy continues, and the defendant can be tried once again on the same charges." *Id.*

Bobo, referring to the *Bobo I* court not reaching the sufficiency of the evidence claim in his first appeal, contends that "an appellate court should not be able to avoid ruling, for whatever reason, on a Constitutional right which is properly raised where its failure to do so causes the defendant to be twice put in jeopardy for the same alleged offense." (Doc. 358 at 8.) Therefore, what Bobo actually seeks is a ruling that the "abstract possibility that the evidence was insufficient" has denied him the protection of the Double Jeopardy Clause and the Due Process Clause.[5] *See Patterson*, 470 F.3d at 657. Considering *Richardson*, and the Eleventh Circuit's construction of *Richardson* in *Bobo II*, Bobo is not constitutionally entitled to a ruling as to the sufficiency of the evidence.

The Sixth Circuit's decision in *Patterson v. Hawkins* further convinces the court

---

[5]While the *Bobo I* court may have "seriously questioned" the sufficiency of the evidence, the relevant consideration is whether or not the court *held* that the evidence was insufficient, and thereby terminated Bobo's original jeopardy. *Bobo II* made it perfectly clear that *Bobo I* did not reach such a holding, and therefore did not terminate Bobo's original jeopardy.

that Bobo does not have a Constitutional right to a determination as to the sufficiency of

the evidence at his first trial.  Like the court in *Bobo II*, the court in *Patterson* recognized

that its "refusal to address [the defendant's] challenge to the sufficiency of the evidence

was an unwarranted deviation from the longstanding prudential rule in this circuit that an

appellate court faced with arguments both that the evidence was insufficient and that the

trial was infected with other constitutional errors needs to address the sufficiency-of-the-

evidence issue, even if the court orders a remand of [*sic*] the basis of trial error."

*Patterson*, 470 F.3d at 651.  Thus, the question in *Patterson* became "whether [the

court's] failure to address [the defendant's] insufficiency-of-the-evidence claim subjected

him to an unconstitutional retrial."  *Id.* at 655.  The court reasoned:

> Our failure to address [the defendant's] sufficiency challenge on the
> merits foreclosed the possibility of his receiving what he would have
> needed to invoke the *Burks* rule – an appellate court's holding that
> the evidence at his first trial was in fact insufficient to support his
> conviction.  Because we never actually held that the evidence
> presented at the first trial was insufficient to support a conviction for
> involuntary manslaughter based on child endangering, the protection
> afforded by *Burks* never kicked in.

*Id.* at 656-57.  Therefore, the court was convinced that the defendant had not been

subjected to an unconstitutional retrial, "even assuming that [it] would have determined

that the evidence was indeed insufficient."  *Id.*

    Similarly, in *United States v. Miller*, the Fifth Circuit held that the defendant was

not entitled to a review of the sufficiency of the evidence at the first trial prior to retrial.

*Miller*, 952 F.2d 866 (5th Cir. 1992).  Because the court's reversal of the original

conviction was based on defects in the indictment and jury instructions rather than insufficiency of the evidence, there was no jeopardy-terminating event, and therefore no "obstacle to retrial." *Id.* at 871, 874.

In *United States v. Porter*, the First Circuit held that "[the defendant] cannot argue that the vacating of his conviction for legal error, on direct appeal from his first trial, marked the end to his original jeopardy; the doctrine of continuing jeopardy, implicit in *United States v. Ball*, and made explicit more recently, has long since rejected such claims." *Porter*, 807 F.2d 21, 23-24 (1st Cir. 1986) (internal citations omitted). Therefore, the court held that "where a conviction has been reversed *due to trial error* and a new trial ordered, and where, after remand, defendant raises a double jeopardy claim to bar his retrial, neither the district court, nor this court on an *Abney* appeal, need examine the sufficiency of the evidence at the first trial." *Id.* at 24 (emphasis in original).

In light of *Richardson*, *Bobo I*'s reference to *Richardson*, and the foregoing Circuit Court decisions, the court holds that Bobo does not have a constitutional right to a determination of the sufficiency of the evidence in his first trial. Therefore, Bobo's Motion to Dismiss Counts 1 and 2 of the Indictment, (doc. 358), is due to be denied. An order will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this the 2nd day of July, 2007.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

9