FILED
2007 Jul-02 PM 04:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA } | |
| } | |
| v.  } | CASE NO. CR 04-B-0200-W |
| } | |
| PHILLIP KELLEY BOBO, } | |
| } | |
| Defendant. } | |

**MEMORANDUM OPINION AND ORDER**

This case is currently before the court on defendant Phillip Kelley Bobo's Motion to Compel Production of Grand Jury Testimony, (doc. 356).[1] Bobo moves the court to enter an order compelling the government to produce all grand jury testimony "referring to any statement or representation that the bid process was governed by the Alabama Bid Law, and that Alabama law controlled the conduct and behavior of those participating in the bid process." (Doc. 356, ¶1.) Bobo contends that he "is entitled to know exactly what was presented to the grand jury on the issue in support of his motion to dismiss."[2] (Doc. 356, ¶2.)

"[I]n order to obtain disclosure of protected grand jury materials, a person must show a 'particularized need' for them." *United Kingdom v. United States*, 238 F.3d 1312,

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2] The court assumes that Bobo refers to his Supplemental Motion to Dismiss, (doc. 359), which refers to the grand jury and the Alabama Competitive Bid Law.

1320 (11th Cir. 2001). "Parties seeking grand jury materials 'must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only the material so needed.'" *Id.* at 1320-21 (quoting *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218-19 (1979)). "In *United States v. Procter & Gamble Co.*, the Court sought to accommodate the competing needs for secrecy and disclosure by ruling that a private party seeking to obtain grand jury transcripts must demonstrate that 'without the transcript a defense would be greatly prejudiced or that without reference to it an injustice would be done.'" *Douglas Oil Co.*, 441 U.S. at 221 (quoting *Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)).

Bobo has not shown a "particularized need" for the requested grand jury testimony. In support of his Motion, Bobo states only that the district court and the Eleventh Circuit have ruled that the bid process was not governed by Alabama's Competitive Bid Law ("CBL"),[3] and that he is "entitled to know exactly what was presented to the grand jury on this issue in support of his motion to dismiss." (Doc. 356.) However, Bobo has not shown how disclosure of those materials is necessary to avoid a

---

[3]Bobo is correct that Alabama law did not govern the bid process only to the extent that he draws the distinction drawn by the Eleventh Circuit in *Bobo v. United States*, 185 Fed.Appx. 885 (11th Cir. 2006) ("*Bobo III*"). Although Alabama law did not require the Alabama Medicaid Maternity Care Program ("MCP") contracts to be awarded under the CBL, because the Alabama Medicaid Agency *chose* to use the CBL, and because Bobo and other bidders *agreed* to abide by the CBL's requirements, the provisions of the CBL did govern the bidding process. *Id.* at 887.

possible injustice or that the need for disclosure is greater than the need for continued secrecy. Nor does Bobo explain how the material would support his Supplemental Motion to Dismiss, which in any event is based on a false premise, that "[a]bsent a violation of Alabama law[,] there is no criminal offense in that the entire prosecution is based upon alleged 'bid rigging.'" (Doc. 359 at 1-2.) *See Bobo III*, 185 Fed.Appx. at 887 ("when the district court ordered that the government 'shall not offer evidence or argue that the [MCP] contracts referenced in the Indictment are covered by the [CBL],' it could not have meant that the government is precluded from offering evidence regarding alleged violations of the bid process that would support any federal cause of action").

    Therefore, Bobo's Motion to Compel Production of Grand Jury Testimony, (doc. 356), is due to be and hereby is **DENIED**.

    **DONE**, this the 2nd day of July, 2007.

/s/ Sharon Lovelace Blackburn
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE