FILED
2007 Jul-02 PM 04:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** } | |
| } | |
| **v.** } | **CASE NO. CR 04-B-0200-W** |
| } | |
| **PHILLIP KELLEY BOBO,** } | |
| } | |
| **Defendant.** } | |

**MEMORANDUM OPINION AND ORDER**

This case is currently before the court on defendant Phillip Kelley Bobo's Supplemental Motion to Dismiss, (doc. 359).[1] In his Motion, Bobo notes that the Eleventh Circuit held that the government may not argue or present evidence that Bobo's alleged bid rigging violated Alabama law, and contends that "[a]bsent a violation of Alabama law[,] there is no criminal offense in that the entire prosecution is based upon alleged 'bid rigging.'" (Doc. 359 at 1-2.) Bobo moves the court to dismiss Counts 1, 2, 4, 5, 6, 7, and 8 of the Indictment.

As noted by the government, Counts 5, 6, 7, and 8 do not depend upon the government's ability to establish that Bobo engaged in bid rigging or violated Alabama law. Counts 5 and 6 charge Bobo with Witness Tampering. (Doc. 1 at 21.) Count 7 charges Bobo with making false statements to the Federal Bureau of Investigation. (Doc. 1 at 22.) Count 8 charges Bobo with making a false statement before the district court at

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

his first trial. (Doc. 1 at 23.) These Counts are clearly not based on a violation of Alabama law.

Pursuant to the Eleventh Circuit's holding in *Bobo v. United States*, 185 Fed.Appx. 885 (11th Cir. 2006) ("*Bobo III*"), the government "may not argue or present evidence that Bobo violated Alabama law." *Bobo III*, 185 Fed.Appx. at 887. However, Counts 1, 2, and 4 do not require the government to present evidence that Bobo violated Alabama law. Evidence of bid rigging may support the federal charges against Bobo regardless of whether that bid rigging constituted a violation of Alabama law. The Eleventh Circuit clarified this distinction in *Bobo III*:

> [W]hile Alabama law does not *require* [Alabama Medicaid Maternity Care Program ("MCP")] contracts to be awarded under [Alabama's Competitive Bid Law ("CBL")], no authority dictates that the Alabama Medicaid Agency was *prohibited* from choosing to select MCP providers according to the CBL's requirements and procedures. The CBL governed Bobo's behavior not because state law mandated its applicability, but because the Agency chose to employ it and because Bobo, in order to pursue the MCP contracts, explicitly agreed to abide by its requirements. Thus, when the district court ordered that the government "shall not offer evidence or argue that the [MCP] contracts referenced in the Indictment are covered by the [CBL]," it could not have meant that the government is precluded from offering evidence regarding alleged violations of the bid process that would support any federal cause of action. Similarly, when the district court allowed that the government is not "preclude[d] . . . from arguing and proving that the MCP did, in fact, use a bid process for its contracts," it could not have meant that the government may not invoke the language of the CBL, or even the source of that language, as proof of said bid process. In short, we construe the order to permit the government to argue and present evidence of the bid process's relevant provisions and their violation for the purposes of the federal charges against Bobo, so long as it

>   does not argue or present evidence that Bobo violated Alabama law.
>   To the extent the district court intended to draw this important
>   distinction, it committed no reversible error.

*Id.* (emphasis in original).  Therefore, Counts 1, 2, and 4 are not based on a violation of Alabama law.[2]

For the foregoing reasons, Bobo's Supplemental Motion to Dismiss, (doc. 359), is due to be and hereby is **DENIED**.

**DONE**, this the 2nd day of July, 2007.

*/s/ Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] In paragraph 29, the Indictment charges: "Alabama law prohibited bidders and prospective bidders from making agreements that undermine competition in the bid process." (Doc. 1, ¶29.)  The government concedes that this sentence should be removed from the indictment pursuant to the Eleventh Circuit's holding in *Bobo III* that the government may not "argue or present evidence that Bobo violated Alabama law." (Doc. 372 at 3.)  The court addresses this redaction in a separate order.