FILED
2007 Jul-02 PM 04:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | } | |
| | } | |
| v. | } | **CASE NO. CR 04-B-0200-W** |
| | } | |
| **PHILLIP KELLEY BOBO,** | } | |
| | } | |
| **Defendant.** | } | |

**MEMORANDUM OPINION AND ORDER**

This case is currently before the court on defendant Phillip Kelley Bobo's Motion for Disclosure of all Notes, Correspondence, Statements, Grand Jury Testimony Regarding any Effort by the Government or the State of Alabama to Induce Defendant Bobo to Cooperate with the Government against Don Siegelman, (doc. 355). Bobo contends that such information "is relevant to show that the thrust of this prosecution and reprosecution of the Defendant is vindictive because of his refusal to cooperate with the Government in its efforts to convict Siegelman." (Doc. 355 at 2.)

However, even assuming that the evidence sought by Bobo would demonstrate that the government indicted Bobo because he failed to cooperate, such a motive by the government does not constitute a vindictive prosecution as long as the prosecution is based on probable cause. *See United States v. Goodwin*, 457 U.S. 368, 372 (1982) ("A prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution."). *See also*

*Bordenkircher v. Hayes*, 434 U.S. 357 (1978) (declining to find actual or apparent vindictiveness where a prosecutor initiated a prosecution against a defendant for a more serious charge after the defendant refused to plead guilty to existing allegations); *Corbitt v. New Jersey*, 439 U.S. 212, 221 (1978) ("by tolerating and accepting the negotiation of pleas, this Court has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forgo his right to plead not guilty").  For example, in *United States v. Oliver*, the Third Circuit held:

> Since [the defendant's] theory of the case is that he was prosecuted by federal authorities solely because he failed to cooperate satisfactorily with the Philadelphia Police in the plea bargaining process, this case is governed by *Bordenkircher*. . . . [The defendant] made an informed decision not to cooperate fully with the police in the . . . homicide investigation, though he did succeed in getting his state charges dropped. Thus, under the reasoning of *Bordenkircher*, there was no prosecutorial vindictiveness, for [the defendant] was fully informed of the consequences of his choices; he freely decided not to cooperate to a greater extent with the local authorities and, as a result, was later indicted by federal authorities.

*Oliver*, 787 F.2d 124, 126 (3d Cir. 1986).  *See also United States v. Dufresne*, 58 Fed.Appx. 890, 896 (3d Cir. 2003) ("even if it is assumed that Dufresne was indicted because he failed to cooperate, the prosecution was not vindictive or in retaliation for refusing to cooperate").  Similarly, in *United States v. Anderson*, the Tenth Circuit held:

> At best, the evidence demonstrates only that the federal prosecution was commenced when the defendant refused to cooperate with the government. Such a motive, given the presence of probable cause to prosecute, does not portend the type of prosecutorial vindictiveness with which the Fifth and

Sixth Amendments are concerned.

*Anderson*, 996 F.2d 312, 312 (10th Cir. 1993).  *See also United States v. Boss*, 652 F.2d 36, 38 (10th Cir. 1981) ("When the party refuses to cooperate, prosecution based upon probable cause to believe the defendant committed the crime charged, does not present the likelihood of vindictiveness found in *Perry* and related cases.").  Another apposite case is *United States v. Lopez*, where the Ninth Circuit held that "[a] prosecutor, and presumably field officers too, may threaten a defendant with prosecution during an interview or plea negotiations, and if that defendant chooses not to cooperate or plead guilty, the prosecutor is free to initiate a prosecution." *Lopez*, 474 F.3d 1208, 1212 (9th Cir. 2007).

For the foregoing reasons, Bobo's Motion for Disclosure, (doc. 355), is due to be and hereby is **DENIED**.

**DONE,** this the 2nd day of July, 2007.

*/s/ Sharon Lovelace Blackburn*
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE