UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | } |
| v. | } CASE NO. CR 04-B-0200-W |
| PHILLIP KELLEY BOBO, | } |
| Defendant. | } |

**MEMORANDUM OPINION AND ORDER**

This case is currently before the court on the government's Motion for Pre-Trial Ruling on the Redaction and Renumbering of the Indictment, (doc. 317-1),[1] defendant Phillip Kelley Bobo's Motion to Strike, (doc. 360), and Bobo's Amendment to Motion to Strike, (doc. 399). In their respective motions, the parties move the court to strike certain portions of the Indictment. The court will address each party's proposed redactions in turn and note those proposed redactions to which the parties agree.

**I.    The Government's Proposed Redactions**

The government moves the court to issue a pre-trial order indicating the redactions that the court intends to make to the indictment, and permitting the renumbering of the paragraphs and counts in the Indictment to account for the redactions. (Doc. 317-1.) The government has attached the Indictment to its Motion, highlighting the portions that it contends should be redacted. (Doc. 317-2.) The highlighted portions consist of Count 3,

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

which was dismissed by this court's Order of September 14, 2004, (doc. 216), and those allegations contained in Counts 1, 2 and 4 which refer to individuals that have been dismissed from this case, and are not essential to the elements of the offenses charged. Also highlighted is each reference by name to former codefendants Siegelman and Hamrick. In addition to the portions highlighted in Attachment A to the government's Motion, (doc. 317-2), the government also concedes that the final sentence of paragraph 5 in Count 1 should be redacted in accordance with the Eleventh Circuit's opinion in *United States v. Bobo*, 185 Fed.Appx. 885 (11th Cir. 2006) (*Bobo III*).[2] (Doc. 366 at 4.)

"A redaction of an indictment is permissible so long as the elements of the offense charged are fully and clearly set out in what remains." *United States v. Adkinson*, 135 F.3d 1363, 1376-77 (11th Cir. 1998) (citing *United States v. Miller*, 471 U.S. 130, 136 (1985)). "An indictment may not, however, be so severely redacted that any of the elements of the offense are expunged." *Id.* at 1377.

The government's proposed redactions account for the dismissal of Count 3 and the dismissal of former codefendants Siegelman and Hamrick. The Indictment as redacted continues to fully and clearly set out the elements of the offenses charged, and afford Bobo notice of the charges against which he has to defend. *See Atkinson*, 135 F.3d at 1376. *See also United States v. Alvarez-Moreno*, 874 F.2d 1402, 1410 (11th Cir.

---

[2]In *Bobo III*, the Eleventh Circuit held that the government may "argue and present evidence of the bid process's relevant provisions and their violation for the purposes of the federal charges against Bobo, so long as it does not argue or present evidence that Bobo violated Alabama law." *Bobo III*, 185 Fed.Appx. at 887.

1989).  The court notes that Bobo has not filed any objection to the government's proposed redactions.  Furthermore, in his Motion to Strike, (doc. 360), Bobo moves the court to redact a number of the same paragraphs as the government.[3]  For the foregoing reasons, the government's Motion, (doc. 317), is due to be granted.

## II.     Bobo's Proposed Redactions[4]

Bobo's Motion to Strike requests the redaction of "any suggestions of any wrongdoing on [former codefendants Siegelman and Hamrick's] part," and "all references to any allegations of a conspiracy between [Bobo] and Siegelman and Hamrick."  (Doc. 360 at 1-2.)  Bobo also contends that "all references in the Indictment to Alabama law requiring competitive bidding is due to be stricken given the decision of [*Bobo III*]," as well as "all references to a 'bid rigging scheme.'"  (Doc. 399 at 1.)

Bobo moves to strike paragraphs 21 and 24 of Count 1.  (Doc. 360 at 1.)  As grounds, Bobo states only that "any suggestions of any wrongdoing on [Siegelman and Hamrick's] part are due to be deleted."  (*Id.*)  However, paragraphs 21 and 24 do not contain any reference to Siegelman or Hamrick, much less any suggestion of wrongdoing on their part.  Therefore, Bobo's Motion to Strike is due to be denied as to paragraphs 21 and 24 of Count 1.

---

[3]Specifically, both parties move the court to strike the following paragraphs: 13, 15, 16, 17, 18, 19, 20, 29c(5), 38, 41a, 41p, 41w, 41x, 41y, 41z, and the final sentence of paragraph 5 from Count 1; 2e and 3e(3) from Count 2; Count 3; and 2b from Count 4.

[4]The court will address only Bobo's proposed redactions to which the government objects.

3

Bobo also moves to strike paragraphs 31, 37, and 39 from Count 1; paragraphs 3d, 3e(2), and 3e(4) from Count 2; and paragraphs 2a and 2c from Count 4. (Doc. 360 at 1-2.) While the references to Siegelman and Hamrick in those paragraphs should be deleted, any further redaction is unnecessary. Once the names "Siegelman" and "Hamrick" are redacted, the paragraphs merely charge that Bobo and "other co-conspirators" engaged in certain activities. Bobo's proposed redactions are broader than necessary to accomplish his purported goal of deleting "all references to any allegations of a conspiracy between [Bobo] and Siegelman and Hamrick." (Doc. 360 at 1.) Therefore, Bobo's Motion to Strike is due to be denied as to paragraphs 31, 37, and 39 from Count 1; paragraphs 3d, 3e(2), and 3e(4) from Count 2; and paragraphs 2a and 2c from Count 4.

In his Amendment to Motion to Strike, (doc. 399), Bobo moves to strike all references to Alabama law requiring competitive bidding, as well as all references to "bid rigging." Specifically, Bobo moves to strike paragraphs 5, 8, 10, 41n, 41o, 41s, 41cc, 41dd, and 41ee of Count 1. (Doc. 399 at 1-2.) While references to Alabama law requiring competitive bidding are due to be stricken, Bobo overreaches when he requests that all references to bid rigging be stricken. As previously mentioned, the Eleventh Circuit in *Bobo III* held that the government may "argue and present evidence of the bid process's relevant provisions and their violation for the purposes of the federal charges against Bobo, so long as it does not argue or present evidence that Bobo violated

Alabama law." *Bobo III*, 185 Fed.Appx. at 887. Of the paragraphs mentioned in Bobo's Amendment to Motion to Strike, only paragraph 5 contains any reference to Alabama law requiring a competitive bidding process. As noted in the court's discussion of the government's proposed redactions, the final sentence of paragraph 5 is due to be stricken. However, pursuant to the Eleventh Circuit's holding in *Bobo III*, paragraphs 8, 10, 41n, 41o, 41s, 41cc, 41dd, and 41ee of Count 1, which do not allege any violation of Alabama law, shall remain in the Indictment.

Bobo's request to redact paragraph 32 of Count 1 (doc. 360 at 1) and paragraph 3a of Count 2 (doc. 360 at 2) is due to be granted for the same reason as the final sentence of paragraph 5 of Count 1. Paragraph 32 of Count 1 charges: "It was further part of the conspiracy that defendants Bobo, Hamrick, and other co-conspirators would and did corruptly attempt to persuade employees and officials of the State of Alabama to act contrary to Alabama's competitive-bid law, which required that contracts issued in the *Maternity Care Program* be competitively bid, rather than simply being awarded to defendant Bobo as bid-exempt, professional-services contracts." (Doc. 1 at 8-9.) In almost indentical language, paragraph 3a of Count 2 charges: "Defendants Bobo, Hamrick, and others would and did corruptly attempt to persuade employees and officials of the State of Alabama to act contrary to Alabama's competitive-bid law, which required that contracts issued in the *Maternity Care Program* be competitively bid, rather than simply awarded to defendant Bobo as bid-exempt, professional-services contracts."

Alabama's competitive bidding law ("CBL") did not require that contracts issued in the Maternity Care Program be competitively bid. *See* Ala. Code § 41-16-51(a)(3) ("[T]he competitive bidding requirements of this article shall not apply to . . . [c]ontracts for securing services of . . . physicians"). *See also Bobo III*, 185 Fed.Appx. at 886 ("the CBL specifically exempts contracts securing the services of physicians (like Dr. Bobo)"). Therefore, paragraph 32 of Count 1 and paragraph 3a of Count 2 are inaccurate. They incorrectly state that Alabama law required the use of a competitive bidding process.[5]

---

[5]The Indictment might have properly charged Bobo and other co-conspirators with corruptly attempting to persuade officials and employees of Alabama to act contrary to the bid process selected by the Alabama Medicaid Maternity Care Program, which chose to utilize a competitive bidding process. The Indictment might have also properly stated that the bidding process selected by the Alabama Medicaid Maternity Care Program was Alabama's CBL, and incorporated the language of Alabama's CBL when describing the selected bidding process.

However, the court notes that the redactions do not prevent the Indictment from fully and clearly setting out the crime and elements of the offenses charged. Paragraph 33 of Count 1, which immediately follows paragraph 32, states: "It was further part of the conspiracy that defendant Bobo and other co-conspirators would and did corruptly offer inducements to State officials and employees to cause those officials and employees to corruptly change the requirements of the *Invitation to Bid* for the *Maternity Care Program* in order to benefit defendant Bobo and *Neighborhood Health Services*." (Doc. 1 at 9.) Likewise, paragraph 3b of Count 2, which immediately follows paragraph 3a, states: "Defendant Bobo and others would and did corruptly offer inducements to State officials and employees to cause those officials and employees to corruptly change the requirements of the *Invitation to Bid* for the *Maternity Care Program* in order to benefit defendant Bobo and *Neighborhood Health Services*."

Moreover, paragraphs 8 and 10 of Count 1, which are incorporated by reference into Count 2, explain the *Invitation to Bid* requirements. Paragraph 8 states that the *Invitation to Bid* "required each bidder to submit a letter as part of its bid that would state, among other things, 'that the bidder has not and will not make any attempt to induce any other person or firm to withhold or submit a bid for the purposes of restricting competition.'" (Doc. 1 at 3.) Paragraph 10 states that "[it] was a part of the *Maternity Care Program* bid process that the bids from organizations that did not meet the requirements would be discarded, and that the lowest remaining qualified bidder for each district would be awarded the contract for that district." (Doc. 1 at 3.)

6

Therefore, Bobo's Motion to Strike is due to be granted as to paragraph 32 of Count 1 and paragraph 3a of Count 2.

### III.     Conclusion

For the foregoing reasons, the government's Motion for Pre-Trial Ruling on the Redaction and Renumbering of the Indictment, (doc. 317), is **GRANTED**.  Bobo's Motion to Strike, (doc. 399), and Amendment to Motion to Strike, (doc. 399), are **GRANTED** only as to the final sentence of paragraph 5 of Count 1, paragraph 32 of Count 1, and paragraph 3a of Count 2.  Bobo's remaining requests to strike are **DENIED**.

It is hereby **ORDERED** as follows:

1. The highlighted portions of Attachment A, (doc. 317-2), to the government's Motion, (doc. 317), are to be excised from the indictment to be considered by the jury.  Those portions consist of the following paragraphs: 13, 14, 15, 16, 17, 18, 19, 20, 29c(5), 29d, 38, 41a, 41b, 41d, 41h, 41p, 41q, 41r, 41t, 41u, 41v, 41w, 41x, 41y, 41z of Count 1; 2e, 3e(3), and certain language of 3f[6] of Count 2; Count 3; and 2b of Count 4.[7]  All specific references to former codefendants Siegelman and Hamrick, also highlighted in Attachment A, (doc. 317-2), are to be excised.  Finally, in those sentences from which the words "Siegelman" and "Hamrick" are

---

[6]The following language is to be redacted from paragraph 3f: "and deprive the State and the citizens of Alabama of the honest services of State officials and employees who had influence over, and were charged with the administration of, the *Maternity Care Program*."

[7]Included in this list are Bobo's proposed redactions to which the government agrees.

    removed, the "s" from the word "defendants" that precedes the name "Bobo" is also to be excised in order to conform the grammar of those sentences to the removal of "Siegelman" and "Hamrick."

2.     The final sentence of paragraph 5 of Count 1 is also to be excised.

3.     Paragraph 32 of Count 1 and paragraph 3a of Count 2 are also to be excised.

4.     Attached to this Order is a redlined version of the Indictment reflecting the court's decision. All parties are directed to check the attached redlined version of the Indictment for conformity to this Order.

5.     On or before **July 12, 2007**, the government is instructed to file a document entitled "Notice of Revised Indictment." Attached to the Notice should be an Indictment which conforms to the redlined version attached to this Order. The Indictment attached to the Notice should be appropriately renumbered and re-lettered.

    **DONE**, this 5th day of July, 2007.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE