UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** } | |
| } | |
| **v.** } | **CASE NO. CR 04-B-0200-W** |
| } | |
| **PHILLIP KELLEY BOBO,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION AND ORDER

This case is currently before the court on the Motion by the United States for a Pre-Trial Ruling on the Admissibility of the Trial Testimony of an Unavailable Witness, Dr. Marc Armstrong, and Recordings Made by that Witness, (doc. 314).[1]  The government contends that Dr. Armstrong's testimony at defendant Phillip Kelley Bobo's first trial is admissible under Federal Rule of Evidence 804(b)(1), and that the recordings made by Dr. Armstrong are admissible because they have been properly authenticated. (Doc. 314; doc. 319.)  Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that Dr. Armstrong's trial testimony and the recordings made by Dr. Armstrong are admissible.[2] The court further holds that the transcripts of the recordings which were admitted in the

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2] The recording of the conversation between Dr. Armstrong and Pam Parsons will be admitted only if the court finds sufficient evidence for the jury to find that Ms. Parsons is a co-conspirator.

first trial have been properly authenticated and are admissible.

A.      **Trial Testimony of Dr. Armstrong**

Under Rule 804(b)(1), an unavailable witness's former testimony is admissible if the party against whom the testimony is now offered had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. Fed. R. Evid. 804(b)(1). The Confrontation Clause requires that "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const., Amend. VI. "The testimony of a witness at a prior trial is admissible if (1) the witness is unavailable and (2) the defendant had a prior opportunity to cross examine the witness." *U.S. v. Medina*, 167 Fed.Appx. 161, 166 (11 th Cir. 2006) (citing *Crawford v. Washington*, 541 U.S. 36 (2004)). It is undisputed that Dr. Armstrong is deceased and therefore "unavailable." (Doc. 397 at 3-4.) Furthermore, at his first trial, Bobo had the "opportunity" to cross-examine Dr. Armstrong. *See United States v. Miles*, 290 F.3d 1341, 1353 (11th Cir. 2002). Therefore, the issue is whether Bobo had a "similar motive" to cross examine Dr. Armstrong at his first trial.

Bobo argues that his motive to cross-examine Dr. Armstrong is not similar because "there are numerous allegations in the new indictment which focus on the original bid process rather than what happened after the bids had been canceled . . . [and] [t]he government has also alleged new unindicted co-conspirators about whom Dr. Armstrong was not cross examined." (Doc. 397 at 4.) Bobo also argues that his motive to cross-

2

examine Dr. Armstrong is not similar because the "new indictment contains five additional charges which were not included in the original indictment." (Doc. 397 at 6.)

Bobo cites *United States v. Wang* in support of his argument that these differences in the two indictments make his motive to cross-examine Dr. Armstrong not similar. *Wang*, 964 F.2d 811 (8th Cir. 1992). In *Wang*, the government charged the defendant with conspiracy to harbor illegal aliens. *Id.* at 812. The magistrate judge ordered the detention of the three arrested aliens and granted the government's motion to take their depositions for testimonial purposes prior to their deportations. *Id.* The defendant and her attorneys attended the depositions. *Id.* A grand jury subsequently returned an indictment charging the defendant with six counts of harboring illegal aliens, but not conspiracy as originally alleged. *Wang*, 964 F.2d at 812. Prior to trial, the district court denied the defendant's motion in limine seeking to prevent the admission of the videotaped depositions. *Id.* After her conviction, the defendant appealed, arguing that because the videotaped witnesses were not present at trial, she could not question them regarding the elements of the charged offense of harboring illegal aliens. *Id.* Because the crimes of conspiracy and harboring illegal aliens involved different elements, the court held that introducing the prior testimony denied the defendant the right of effective cross-examination guaranteed by the Confrontation Clause. *Id.*

The Eleventh Circuit distinguished *Wang* in *United States v. Miles*. In *Miles*, the defendant was granted a mistrial on certain counts, including the charge of participation

in a methamphetamine conspiracy. *Miles*, 290 F.3d at 1345. The grand jury later issued a superseding indictment against the defendant, again charging him with participation in a methamphetamine conspiracy. *Id.* The defendant appealed his conviction, arguing that the district court's admission of an unavailable witness's prior testimony violated his right of confrontation. *Id.* at 1352. According to the defendant, "at his retrial, the government offered [the witness's] testimony to prove a broader and more elaborate conspiracy than at his first trial; therefore, the defendant had a different theory of cross-examination and dissimilar motive." *Id.*

At the first trial in *Miles*, the witness's testimony focused on the defendant's relationship with a methamphetamine laboratory in Atlanta. *Miles*, 290 F.3d at 1352. The government attempted to show the defendant's involvement in a separate methamphetamine conspiracy in Atlanta with the witness and other co-conspirators. *Id.* At the second trial, where the witness was unavailable, "the government offered [the witness's prior testimony] to prove that the defendant conspired to distribute methamphetamine with the manufacturers out west, with [the witness] and Larry Jones, and with two additional drug dealers named Ricky White and Dennis White." *Id.* Despite the government's broader theory of conspiracy at the second trial, the Eleventh Circuit held that the defendant's motive to cross-examine the witness was similar:

> At both trials, the government offered [the witness's] testimony to prove [the defendant's] involvement in a methamphetamine conspiracy. While the district court dismissed some of the interrelated conspiracies at the first trial, [the witness's] testimony

> was offered to show [the defendant's] relationship to the
> methamphetamine laboratory in Atlanta.  Even though the
> government offered a broader theory of conspiracy, [the defendant's]
> motive to cross-examine [the witness] was similar in both trials.

*Miles*, 290 F.3d at 1353.  The Eleventh Circuit distinguished *Wang* on the following grounds:

> First, the *Wang* court reviewed a district court's decision to grant a
> new trial based on the admission of testimony.  In the case at bar, our
> task is to determine whether the district court abused its discretion in
> admitting the former testimony; therefore, these cases are
> procedurally inapposite.  Second, [the defendant in the present case]
> faced methamphetamine conspiracy charges in both trials, and [the
> witness's] testimony illustrated [the defendant's] relationship with
> the Atlanta laboratory, an issue pertinent to the charges in both trials.
> It is clear that [the defendant] had precisely the same interest in
> attacking [the witness's] testimony at the retrial as he had at his first
> trial.

*Id*.

The present case is analogous to *Miles*, not *Wang*.  In *Wang*, the defendant was only aware of a conspiracy charge at the time of the witnesses' cross examination.  *Wang*, 964 F.2d at 812.  At trial, the government charged the defendant only with harboring illegal aliens.  *Id*.  Therefore, the defendant's cross-examination focused on the government's accusation of an agreement between the defendant and her husband, while at trial the government was required to prove that the defendant harbored an illegal alien with reckless disregard for the alien's unlawful presence in the United States.  *Id*. at 813-14.  The defendant "did not confront the witnesses regarding the harboring and reckless disregard elements," although the government used the witnesses' testimony to establish

5

those elements.  *Id.*  On the other hand, in the first trial, Bobo's counsel confronted Dr. Armstrong about all of the issues to which his testimony could be relevant in the upcoming second trial.

Bobo is correct that the new indictment contains additional charges, alleges new unindicted co-conspirators, and contains allegations regarding the original bid process as opposed to solely focusing on Bobo's conduct after the original bids had been canceled. However, Dr. Armstrong's testimony illustrates Bobo's conduct after the bids had been cancelled, an issue clearly pertinent to the charges in both trials.  *See Miles*, 290 F.3d at 1353.  Therefore, like the defendant in *Miles*, Bobo's motive to cross-examine Dr. Armstrong is similar despite the presence of additional charges, unindicted co-conspirators, and the broader conspiracy theory relied upon by the government.

**B.     Recordings Made by Dr. Armstrong**

The court further holds that Dr. Armstrong's recordings and the transcripts of the recordings have been properly authenticated, and assuming they are relevant, which will be determined at trial, they are admissible.[3]  Dr. Armstrong's testimony at the first trial properly authenticated the recordings and transcripts.  Court-issued exhibit stickers were placed on the transcripts and tapes when they were admitted into evidence during the first trial.  Those stickers remain on the transcripts and tapes.

**C.     Conclusion**

---

[3] The court has discussed the admissibility of the tape recordings and transcripts in a separate order.

For the foregoing reasons, the government's Motion, (doc. 314), is **GRANTED**. It is hereby **ORDERED** as follows:

1. On or before **July 16, 2007**, defendant is to designate any additional pages of transcript from the first trial that he wishes to introduce.

2. On or before **July 20, 2007**, the government is to designate any additional pages it wishes to offer in light of the pages designated by defendant.

**DONE** this 11th day of July, 2007.

SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE