FILED
2007 Jul-11 AM 09:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** } | |
| } | |
| **v.** } | **CASE NO. CR 04-B-0200-W** |
| } | |
| **PHILLIP KELLEY BOBO,** } | |
| } | |
| **Defendant.** } | |
| } | |

**MEMORANDUM OPINION AND ORDER**

This case is currently before the court on defendant Phillip Kelley Bobo's Motion in Limine Regarding Admissibility of Tape Recorded Conversations, (doc. 375).[1] Bobo moves to preclude the government from playing during trial the tape recorded conversations between Bobo and Marc Armstrong, Bobo and John Maxwell, and Armstrong and Pam Parsons.[2] (Doc. 375 at 1.) Bobo also moves to preclude the government from publishing transcripts of the recordings to the jury. (*Id.*) As grounds, Bobo contends that the recordings contain inaudible and unintelligible portions, and are "of such poor quality that they are untrustworthy as a whole." (Doc. 375 at 3.)

The court "is required to exclude a recording only if the inaudible or unintelligible portions are so substantial as to render the whole recording untrustworthy." *United States*

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2]This conversation will be admitted assuming the court finds sufficient evidence for the jury to find that Ms. Parsons is a co-conspirator.

*v. Pope*, 132 F.3d 684, 688 (11th Cir. 1998) (internal quotation marks omitted).  The court has personally listened to each recording.  The tapes clearly are intelligible.  Although there are some inaudible portions, those portions do not "render the whole recording[s] untrustworthy."  *See id.  See also United States v. Alexander*, 2007 WL 934714, *7 (11th Cir. 2007) ("Though [the defendant] identifies several portions of the transcripts marked 'unintelligible,' the majority of the excerpts of the tapes played at trial appear from the record to have been intelligible, and the district court did not abuse its discretion by admitting the recordings.").

Although Bobo also moves the court to preclude the government from publishing transcripts of the recordings to the jury, he offers no independent basis for excluding the transcripts.  To the extent Bobo bases his request on the quality of the recordings, it is denied because the inaudible portions do not render the recordings as a whole untrustworthy.  To the extent Bobo is "unsatisfied with the accuracy of the transcript[s]," he "is not without recourse."[3]  *See United States v. Hogan*, 986 F.2d 1364, 1376 (11th Cir. 1993).  The court "need not find that the transcript is perfectly accurate prior to its admission, and a defendant's remedy for alleged inaccuracies is to offer his own transcript with proof as to why it is the better one."  *Id.*

Therefore, Bobo's Motion in Limine Regarding Admissibility of Tape Recorded

---

[3]The court found some inaccuracies in the transcripts from following along as the tapes were played.  The court will inform the parties of these inaccuracies at a hearing on the record.  Of course, it is the jury who is tasked with determining the accuracy of the transcripts.

Conversations, (doc. 375), is due to be and hereby is **DENIED**.  Assuming they are relevant, which will be determined at trial, the tape recordings and transcripts are admissible.

    **DONE** this 11th day of July, 2007.


*Sharon Lovelace Blackburn*
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE