FILED
2007 Jul-11 AM 10:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | } | |
| | } | |
| v. | } | CASE NO. CR 04-B-0200-W |
| | } | |
| PHILLIP KELLEY BOBO, | } | |
| | } | |
| Defendant. | } | |
| | } | |

**MEMORANDUM OPINION AND ORDER**

This case is currently before the court on defendant Phillip Kelley Bobo's Motion in Limine to Limit the Admissibility of Any Tape Recordings or Transcripts Thereof to That Portion Which Is Directly Relevant, (doc. 376). Bobo moves the court to "enter an order in limine prohibiting the Government from playing any portion of any tape recorded conversation with the Defendant except that which is directly relevant, and excluding any statements, language, or comments which would have no effect other than being used by the Government to attempt to prejudice the jury against the Defendant." (Doc. 376 at 1.)

Bobo does not specify which portions he deems irrelevant or unduly prejudicial, or explain how or why he deems those portions irrelevant or unduly prejudicial. Having personally listened to the tape recordings at issue, the court is of the firm opinion that any portions of the recordings that may not be "directly relevant" (for example, off-color language) cannot be separated from the relevant portions. Moreover, the entire recordings are necessary to establish context for the conversations. *See, e.g., United*

*States v. Gremillion*, 464 F.2d 901, 908 (5th Cir. 1972) (entire recording and transcription were admissible "in order to permit the jury to determine the meaning of the statements" where "[t]he trial court may have considered the other portions of the tape necessary to put [the defendant's] statements in context").

Therefore, Bobo's Motion, (doc. 376), is due to be and hereby is **DENIED**.

**DONE** this 11th day of July, 2007.

_____
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE