FILED
2007 Jul-11 PM 02:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | } |
| | } |
| v. | } CASE NO. CR 04-B-0200-W |
| | } |
| PHILLIP KELLEY BOBO, | } |
| | } |
| Defendant. | } |
| | } |

## MEMORANDUM OPINION AND ORDER

This case is currently before the court on defendant Phillip Kelley Bobo's Motion in Limine Regarding Statements or Arguments that the Standard Is the Low Bid, (doc. 354-1).[1]  Bobo moves the court to prohibit the "Government or its witnesses from at any time arguing or stating that the bids at issue in this matter were to be awarded based solely on the lowest bids."  (Doc. 354-1 at 1.)

As grounds, Bobo first states that the district court and the Eleventh Circuit have ruled that "medical services contracts such as the one in question here were exempt from the Alabama State bid law."[2]  (*Id.*)  Bobo then states that Maternity Care Program Invitation to Bid Amendment Number Two ("Amendment 2") added a paragraph stating

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2] Bobo states only half of the Eleventh Circuit's ruling.  In *Bobo III*, the Eleventh Circuit held: "[W]hile Alabama law does not *require* [Alabama Medicaid Maternity Care Program ("MCP")] contracts to be awarded under [Alabama's Competitive Bid Law ("CBL")], no authority dictates that the Alabama Medicaid Agency was *prohibited* from choosing to select MCP providers according to the CBL's requirements and procedures."  *Bobo v. United States*, 185 Fed.Appx. 885, 887 (11th Cir. 2006) ("*Bobo III*").

that contracts would be awarded to the bidder "whose proposal presents an approach to maternity care which is in the best interest of the Medicaid recipients and the State of Alabama." (Doc. 354-1 at 2.)

While Bobo's assertions are accurate, they do not lead to the conclusion that the government may not argue or state that the bids at issue were to be awarded based *solely* on the lowest bids. Judging from the Indictment (and the government's Response to this Motion), the government intends to argue that the bids were originally to be awarded based solely on the lowest bid, but that the original criteria were altered by Amendment 2. (Doc. 1; doc. 385.)

The government concedes that Amendment 2 altered the awarding criteria.[3] (Doc. 385 at 3.) In fact, the Indictment charges that Amendment 2 was the result of Bobo and other co-conspirators corruptly offering inducements and attempting to persuade state officials and employees to change the bid-evaluation process. (Doc. 1, Count 1, ¶¶33, 41e, 41j, 41k, and Count 2, ¶3b.)

The Eleventh Circuit has held that the government may "argue and present evidence of the bid process's relevant provisions." *Bobo v. United States*, 185 Fed.Appx. 885, 887 (11th Cir. 2006). The Indictment charges that the Alabama Medicaid Agency initially chose to award the contracts using a competitive-bid process, (doc. 1, Count 1, ¶5), and that the lowest remaining qualified bidder for each district would be awarded the

---

[3]Specifically, the government states: "That amendment, made the subject of Defendant Bobo's motion in limine, changed the bid-evaluation process." (Doc. 385 at 3.)

contract, (doc. 1, Count 1, ¶10). Pursuant to the Eleventh Circuit's decision in *Bobo III*, the government will be given the opportunity to argue and present evidence that these provisions originally governed the bid process. The government will also be given the opportunity to argue and present evidence that Bobo's efforts resulted in Amendment 2, which altered the awarding criteria.

In sum, the government may argue and present evidence that the Alabama Medicaid Agency originally chose to utilize a bid process whereby the contracts would be awarded based *solely* on the lowest bid. As noted by the government itself, "the government cannot and will not present evidence or argument that fails to disclose the existence of Amendment Two and the bid-evaluation change that it memorializes." (Doc. 385 at 4.)

For the foregoing reasons, Bobo's Motion, (doc. 354-1), is due to be and hereby is **DENIED**.

**DONE** this 11th day of July, 2007.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE